## WALLACE *v.* THE STATE OF GEORGIA.

1. A motion to remove a clerk of the superior court, under the provisions of section 4897 of the Code of 1910, is a quasi-criminal proceeding. Consequently the statute must be given a strict construction in behalf of the respondent. The words "for sufficient cause," as employed in the aforesaid code section, contemplate only a cause relating to and affecting the administration of the office of clerk of the superior court, not including duties which may be performed, even though by the same individual, in his distinct official capacity as clerk of a city court.

2. In a trial in which the competency and official conduct of the respondent as clerk of the superior court of Lee County are under investigation, the conduct of the respondent as related to the performance of his duties as clerk of the city court of Leesburg is irrelevant and immaterial in a proceeding to remove him as clerk of the superior court.

3. For the reasons stated in the first division of the opinion, the failure of the clerk of the superior court to give the bond required of him as clerk of the city court of Leesburg will not authorize the superior court of Lee County to remove him as clerk of the superior court.

4. In a proceeding to remove a clerk of the superior court, where the jury has rendered a finding adverse to the respondent, the judge of the superior court has no discretion in determining what is sufficient cause for removal on account of incapacity or misbehavior in office or otherwise, except that upon review by motion for a new trial he may adjudge the finding as contrary to the evidence or the law, as in other cases of motions for new trials.

5. Upon a proceeding to remove a clerk of the superior court, when the jury finds that sufficient cause for the removal of such clerk exists, it is still discretionary with the judge of the superior court whether such finding shall be enforced or suspended, as to him may seem best for the interests of the administration of the court and the public interest.

6, 7. Under the provisions of section 4897 of the Code, a verdict of a jury finding a clerk of the superior court guilty of any one charge is sufficient to authorize removal, although other counts of the petition may be unsustained by the evidence.

8. (a) Incapacity, misbehavior, or other misconduct of the respondent as ex-officio clerk of the city court of Leesburg will not authorize the removal of the respondent as clerk of the superior court of Lee County.

(b) An allegation including together a charge of misappropriating money received from two separate sums is not subject to general demurrer because the misappropriation of one of these funds affords no ground for removal. The point could only be reached by an appropriate special demurrer, or a motion to strike from the allegation the portion which was irrelevant.

(c) The same rule applies in case of an allegation joining in the same count charges of misbehavior in the superior court and in a city court.

(d) The ruling above stated applies also to subsection (d) of question 8.

(e) For the same reason the petition set out a cause of action for removal, as against a general demurrer, although all of the counts of the petition charged the respondent with misconduct in both the office of clerk of the superior court and the office of clerk of the city court of Leesburg.

No. 4240. June 24, 1925.

The Court of Appeals (in Case No. 14521) requested instructions upon the following questions:

"1.  Can the clerk of a superior court, who is ex-officio clerk of a city court, be removed from his office as clerk of the superior court, under the provisions of the Civil Code, § 4897, on account of incapacity or misbehavior in the office of clerk of a city court?

"2.  Can the clerk of the superior court of Lee County, Georgia, who, by the act of the legislature approved August 21, 1905 (Georgia L. 1905, p. 266, § 8), is made ex-officio clerk of the city court of Leesburg, be, by the judge of the superior court of Lee County, removed from the office of clerk of the superior court, or also from the office of ex-officio clerk of the city court of Leesburg,

by reason of his incapacity, or misbehavior, in discharging the duties of the clerk of the city court of Leesburg? Attention is called to the act establishing the city court of Leesburg, cited supra, which provides in sections 8 and 10 that the clerk of the superior court of Lee County shall, before entering upon the discharge of the duties of his office as clerk of the city court of Leesburg, take and subscribe to an oath, in addition to the oath which he has taken as clerk of the superior court of Lee County, which provides that he shall, before entering upon the discharge of the duties of the office of clerk of the city court of Leesburg, execute a bond, in addition to the bond required of him as clerk of the superior court of Lee County, for the faithful discharge of the duties of clerk of the city court of Leesburg, and which provides that the judge of the city court of Leesburg shall have power to enforce the same authority over the clerk of the city court of Leesburg and his deputies as is exercised by the judge of the superior courts over the clerks of the superior courts of the counties of Georgia.

"3. Will the failure of the clerk of the superior court of Lee County to give the bond required of him as ex-officio clerk of the city court of Leesburg authorize the superior court of Lee County to remove him as clerk of the superior court of Lee County?

"4. Where, in a proceeding under the Civil Code, § 4897, to remove from office a clerk of the superior court, the jury has found the facts adversely to the defendant, has the judge of the superior court a discretion in determining what is sufficient cause for removal on account of incapacity or misbehavior in office or otherwise?

"5. Where, in a proceeding under the Civil Code, § 4897, to remove from office a clerk of the superior court, the jury has found the facts adversely to the defendant, and where the facts found are such that the judge of the superior court has the power to remove the clerk from office upon such finding, has such judge a discretion in determining whether he will exercise the power of removal or not?

"6. Where, in such a proceeding for the removal of the clerk of the superior court, there are in the petition separate and distinct charges of alleged incapacity, misbehavior in office, or other misconduct alleged as sufficient cause for removal, is it essential that

the jury find adversely to the defendant upon each and all of said charges or counts before the judge of the superior court can remove the clerk of the superior court as prayed for in the petition?

"7. Where the judge of the superior court has passed an order removing a clerk of the superior court after the latter has been found guilty of the charges against him on a plurality of the counts in the petition, can the order of removal be sustained when it appears that one of such counts is without evidence to support it?

"8. If the clerk of the superior court of Lee County can not be removed from the office of clerk of the superior court by the judge of the superior court of Lee County for any incapacity or misbehavior or misconduct in his office as ex-officio clerk of the city court of Leesburg, answers to the following questions are desired:

"(a) Where the petition for removal is brought by the solicitor-general of the Southwestern Circuit in the name of the State of Georgia, directed to the superior court of Lee County, against G. A. Wallace 'as clerk of the superior court of Lee County and as clerk of the city court of Leesburg,' and the rule nisi thereon provides that 'the clerk of the superior court will show cause before the superior court of Lee County,' on a named date, why he 'should not be removed from the office of clerk of the superior court of Lee County,' does such a petition authorize the removal of the respondent as clerk of the superior court of Lee County on account of any incapacity, misbehavior, or other misconduct of the respondent as ex-officio clerk of the city court of Leesburg?

"(b) Where one of the counts or allegations of misconduct in such petition charges the respondent with having had in his hands a certain sum of money belonging to the County of Lee, which the respondent had not paid over to the county, in violation of 'that provision of law contained in Acts 1917, page 297, which requires the clerk of the superior court to pay into the county treasury all sums due the County of Lee within 30 days after receiving the same,' which sum of money includes monies collected by the respondent in the performance of his duties as the clerk of the superior court of Lee County, and also in the performance of his duties as clerk of the city court of Leesburg, is such count subject to demurrer and insufficient as not setting out a cause of action, upon the ground that it seeks to remove the respondent from

office on account of misconduct relative to his duties as clerk of the city court of Leesburg? Or, where it can be determined from the petition, by reference to a copy of the audit of the clerk's account attached thereto as an exhibit, what amounts of said sum were collected by him in each capacity, is the count good and sustainable against demurrer so far as it alleges misconduct as respects the failure to turn over the funds collected in his capacity as clerk of the superior court of Lee County?

" (c) Where another one of the counts or allegations of misconduct in such petition charges the respondent with having improperly kept the minutes and records as respects the disposition of 44 cases in the superior court of Lee County, and also with having committed 'ten errors and inaccuracies' as respects certain matters 'in minute book "C" of the city court' of Leesburg, is such count subject to demurrer and insufficient as setting out a cause of action, on the ground that it charges incapacity and misconduct of office in both courts, or is it good against demurrer in that it sets forth a charge of incapacity as respects his conduct in the superior court of Lee County?

" (d) Where one of the counts in such a petition charges the respondent with particular acts of misconduct, without any allegation therein indicating whether he was guilty of such misconduct in his office as clerk of the superior court of Lee County or in his office as clerk of the city court of Leesburg, but charges the same as being acts of the respondent 'in both courts,' does such count allege a cause for removal under the petition, and is it good against general demurrer?

" (e) Where in no count in the petition does the entire charge relate to the respondent's misconduct as clerk of the superior court of Lee County, but charges him with misconduct or misbehavior in both the office of the clerk of the superior court of Lee County and the office of clerk of the city court of Leesburg, does the petition fail to set out a cause of action for removal, and should it be dismissed upon general demurrer?"

*Wallis & Fort,* for plaintiff in error.

*Jule Felton, solicitor-general,* contra.

PER CURIAM. 1, 2. We are of the opinion that the first and second question must be answered in the negative. The proceedings against respondent Wallace are based upon the provisions of

section 4897 of the Code of 1910, under which it was sought to remove him as clerk of the superior court for incapacity and misbehavior in office. The proceeding under this section, as held in *Cobb* v. *Smith,* 102 *Ga.* 585 (27 S. E. 763), is a quasi-criminal proceeding. Consequently the statute must be given a strict construction in behalf of and favorable to the respondent, or defendant. And neither the person upon whose relation the information is filed nor the State can prosecute a writ of error. *Commissioners* v. *Tabbott,* 72 *Ga.* 89; *Mayor* v. *Ethridge,* 96 *Ga.* 326 (22 S. E. 985).

Furthermore, it is provided in the act creating the city court of Leesburg (Acts 1905, p. 266), in the tenth section (p. 269), that all the duties and liabilities attached to the office of clerk of the superior court shall be attached to the office of clerk of the city court of Leesburg, and the judge of the city court of Leesburg is empowered to enforce the same authority over the clerk of the city court as is exercised by the judge of the superior court over the clerk of the superior court. The office of clerk of the superior court and that of the city court of Leesburg are distinct. They are two separate offices. It happens that in some counties there is a provision that the clerk of the superior court shall be ex-officio clerk of the city court. But this is a temporary provision subject to legislative change; for in many counties having city courts the clerk of the city court is a different individual from the incumbent of the clerkship of the superior court, and in the act creating the city court of Leesburg, though the incumbent of the office of clerk of the superior court is, until otherwise provided by law, ex-officio clerk of the city court of Leesburg, still the provision empowering the judge of the city court of Leesburg to enforce the same authority over the clerk of his court as is exercised by the judges of the superior courts over the clerks of the superior courts generally throughout the State is of necessity exclusive. The superior court of Lee County and the city court of Leesburg are of necessity distinct and independent tribunals, and necessarily in each court, as an independent function, inheres the jurisdiction to prevent, and, if necessary, punish its officers for misbehavior, misfeasance, or malfeasance. Under the ruling in *Lancaster* v. *Hill,* 136 *Ga.* 405 (71 S. E. 731, Ann. Cas. 1912C, 342), construing section 4897, supra, a statute authorizing the removal of an officer

"for sufficient cause, including incapacity and official misbehavior in office," contemplates a cause relating to and affecting the administration of *the office* restricted to something of a substantial nature directly affecting the rights and interests of the public. In the present case, the removal of the clerk of the superior court of Lee County might have the effect of removing also the clerk of the city court of Leesburg; but, for the reasons already stated, the judge of the city court of Leesburg alone is empowered to remove the clerk of the city court of Leesburg, and the conduct of the defendant as clerk of the city court of Leesburg (although he happens to be the same individual as the clerk of the superior court of Lee County) is irrelevant and immaterial in a proceeding to remove such clerk of the superior court. As held in *Lancaster* v. *Hill,* supra, the words "sufficient cause" should not be construed to embrace any cause not affecting the competency of the officer and his official conduct. In other words, in any trial in which his competency and official conduct as clerk of the superior court of Lee County is under investigation, nothing is in issue except facts which especially relate to and affect the administration of that office. Illustrative of what has been said above as to the distinct and individual character of each of the two courts, the superior court of Lee County and the city court of Leesburg, it appears from the eighth and tenth sections of the act creating the city court of Leesburg, supra, that the clerk of the city court of Leesburg, before entering upon the discharge of his duties, must take and subscribe to an oath in addition to the oath which he has taken as clerk of the superior court of Lee County, and execute a bond as clerk of the city court of Leesburg for the faithful discharge of his duties as clerk of said city court, in addition to the bond required by law of clerks of the superior court.

3. The ruling announced in the third headnote requires no elaboration.

4. The fourth question, as we construe its meaning, must be answered in the negative. The question is as follows: "Where, in a proceeding under the Civil Code, § 4897, to remove from office a clerk of the superior court, the jury has found the facts adversely to the defendant, has the judge of the superior court a discretion in determining what is sufficient cause for removal on account of

incapacity or misbehavior in office or otherwise?" This question, as we understand it, is whether the judge of the superior court, where the jury has found the facts adversely to the defendant, has a discretion in determining whether those facts as found by the jury afford sufficient cause for removing the officer. Viewing the question in this light it must be answered in the negative. Under the provisions of section 4897, supra, the investigation is quasi criminal. There must be a trial by a special jury, and the clerk is entitled to a copy of the charges three days before the trial. The charges must be exhibited to the court in writing, but "the facts tried by a special jury." The case must be tried as all other cases. No facts will be submitted to the jury by the court except under the rules of law. The jury will be confined to a consideration of such pertinent principles of law as are given them in charge by the judge; and the only discretion, if it may be called discretion, appertaining to the judge will be the usual, ordinary legal discretion with which he is clothed in passing upon motions for new trials generally.

5. The fifth question asks whether a judge has a discretion in determining whether he will remove a clerk of the superior court after a finding adverse to the defendant upon such facts as would authorize the judge to remove a clerk of the superior court. We answer this question in the affirmative. The superior court is necessarily clothed with large inherent powers and extensive original jurisdiction. The administration of justice would be greatly hampered were it otherwise. It seems that especially upon a subject such as the control and discipline and removal, if necessary, of such essential officers as the sheriff and clerk of the superior court, there should be as little limitation as possible imposed. Upon this subject the judge should be clothed with a discretion which should not be controlled except in a case of manifest abuse. Cases can be imagined in which under the provisions of section 4897, supra, under the facts found by the jury, a judge of the superior court might be authorized to remove a clerk of the superior court; but, as we construe the language of the code section, he is not required to remove this officer forthwith unless such a course is necessary to the interests of the public and the public business. The language of section 4897, supra, is not mandatory and does not require the judge to remove a clerk of the superior court except

37

as a matter of discretion looking to the best interest of the public; and although we apprehend there would be but few instances in which the judge would not remove where the jury had found the defendant guilty of incapacity or misbehavior in office, circumstances may be imagined under which it would be to the interest of the court and the public to subject the clerk of the superior court to removal without actually removing him, thus holding the defendant in terrorem. For we think the judge, although recognizing as a matter of law that the clerk was subject to removal for past offenses, might determine that it would be better to overlook and pardon the past where he was satisfied that there would be no recurrence of like transgression in the future. The code section does not say that upon the finding of the jury offending clerks shall be removed from office, but merely that "they are subject to be removed." In our opinion, the use of the language indicates an intention on the part of the General Assembly to leave the matter of removal discretionary with the judge should the circumstances be such as that, in his discretion, the public interest would be best served by substituting some of the other forms of punishment provided by the code, or to pardon the past offenses in view of subsequent good behavior. We are led to the conclusion that the particular language used in the code section was not employed unadvisedly, by a consideration of the fact that the proceeding employed in this case can not be instituted at all except upon a rule nisi issued by the judge of the superior court; and to construe the language employed differently might have the effect of causing a judge in some instances to be much more reluctant to inaugurate the proceedings.

6. The sixth question must be answered in the negative, since any misbehavior, misfeasance, or malfeasance within the scope of the official duties of the clerk of the superior court may be sufficient cause for the removal, should the jury find adversely to the respondent on any one of several charges which of itself is sufficient to authorize removal by the judge of the superior court.

7. The answer to the seventh question is controlled by what we have already said in answer to the sixth question; and it follows that where the judge of the superior court has removed the clerk of the superior court even upon a verdict finding him guilty of a plurality of the charges in the petition, the removal would be

sustained although it appeared that one of the counts was totally unsustained by evidence.

8. Having held that the clerk of the superior court of Lee County can not be removed from the office of clerk of the city court of Leesburg by the judge of the superior court of Lee County for any incapacity or misbehavior or misconduct in his office as ex-officio clerk of the city court of Leesburg, subdivisions (a), (b), (c), (d), and (e) of the eighth request for instructions will be answered as follows: (a) Incapacity, misbehavior, or other misconduct of the respondent as ex-officio clerk of the city court of Leesburg will not authorize the removal of the respondent as clerk of the superior court of Lee County. (b) The fact that some of the money belonging to the County of Lee, which it was charged the respondent had not paid over to the county, in violation of that provision of law contained in Acts 1917, p. 297, which requires the clerk of the superior court to pay into the county treasury all sums due the County of Lee within thirty days after receiving the same, which sum of money includes money collected by the respondent in the performance of his duties as clerk of the city court of Leesburg as well as money collected by him in the performance of his duties as clerk of the superior court of Lee County, is not subject to general demurrer and insufficient as not setting out a cause of action upon the ground that it seeks to remove the respondent from office on account of misconduct relative to his duties as clerk of the city court of Leesburg. Especially where it can be determined from the petition, by reference to a copy of the audit of the clerk's account attached as an exhibit, what amount of said sum was collected by him in each capacity. So much of the sum as appertained to the city court of Leesburg was immaterial and irrelevant, and it might have been stricken by motion and was subject to special demurrer. (c) For the same reason a count or allegation of misconduct in the petition which charges the respondent with having improperly kept the minutes and records as respects the disposition of 44 cases in the superior court of Lee County, and also with having committed ten errors and inaccuracies in minute book "C" of the city court of Leesburg, is good against general demurrer, in that it sets forth a charge of incapacity as respects his conduct in the superior court of Lee County, where the ground of demurrer is that it charges

incapacity and misconduct of office in both courts. A special demurrer, being itself a critic, must be free from imperfection; and the demurrer presented was not sufficiently specific to separate what was good in the petition from what was bad. So far as the charge related to the misconduct as clerk of the city court of Leesburg, a demurrer addressed to that particular point should have been sustained, but the demurrer failed to put its finger upon the point. (d) What has been said as to question (c) likewise applies to question (d) of the eighth question, which must also be answered in the affirmative. (e) For the same reason the petition did not fail to set out a cause of action for removal, so as to render it subject to be dismissed upon a general demurrer, although all of the counts in the entire petition charged the respondent with misconduct in both the office of clerk of the superior court and the office of clerk of the city court of Leesburg.

*Beck, P. J., and Hines, J., dissent. The other Justices concur, except Gilbert, J., absent.*

BECK, P. J. I regret that I am unable to concur with my associates in the answer given to questions 1 and 2. As I construe the statute creating the city court of Leesburg, which makes the clerk of the superior court of Lee County ex-officio the clerk of the city court of Leesburg, these two offices are not entirely separate and distinct. While the duties performed as clerk in the two courts are separate, the same person performs the duties in both courts. The term "ex officio" means "by virtue of the office;" that is, the clerk of the superior court, by virtue of being clerk of that court, is made by law the clerk of the city court of Leesburg. It would appear impossible, as a matter of law, for the two offices to be entirely and totally distinct, for one reason at least; that is, that should the officer be removed from the office of clerk of the superior court, then as a matter of law he automatically becomes separated from the office of clerk of the city court of Leesburg. In such circumstances it would be impossible, as a matter of law, for him to perform the duties of clerk of the city court of Leesburg. No person can be clerk of the city court who is not clerk of the superior court of that county. Suppose, for purposes of illustration, the judge of the city court (with lawful authority) passed an order removing the city-court clerk. What would then be the situation? A successor must be chosen, of course. How would

this be done, and under what law? Obviously the law making the superior-court clerk ex-officio clerk of the city court would control. The superior-court clerk not having been removed, the holder of that office would continue to be clerk of the city court. This accounts for the absence of any authority, either in the act of 1905 establishing the city court of Leesburg or under general law, for the removal of the city-court clerk as such by the city court. The superior-court clerk, when he undertakes to perform any duty in the city court, carries with him the official status of being clerk of the superior court, and it is by virtue of this status that he has authority to act in the city court, and he can not divest himself of this status or be divested of it and continue to perform any duty as clerk of the city court. In practice, throughout the State so far as I am advised, and certainly in the section where I am most familiar, where a superior-court clerk is ex-officio clerk of the city court he maintains one office room in the court-house, sits at one desk, and performs all of his duties for both courts, merely signing his name officially according to the nature of the official act and the court to which it appertains.

In the majority opinion it is said: "In the present case the removal of the clerk of the superior court of Lee County might have the effect of removing also the clerk of the city court of Leesburg; but, for the reasons already stated, the judge of the city court of Leesburg alone is empowered to remove the clerk of the city court of Leesburg." As I have stated above, in my opinion it is incorrect to say that the removal of the clerk of the superior court of Lee County *might have the effect of removing also the clerk of the city court of Leesburg.* It is obliged to have that effect, and it would be impossible for it to have any other effect under the law as it exists. I am unable to agree, also, to the statement that the judge of the city court of Leesburg alone is empowered to remove the clerk of the city court of Leesburg. The act of the General Assembly creating the city court (Ga. Laws 1905, p. 269, § 10) provides: "The judge of said city court of Leesburg is empowered to enforce the same authority over the said clerk and sheriff and their deputies as is exercised by the judge of the superior court over the clerks of the superior courts and the sheriffs of the counties of Georgia." In my opinion this does not authorize the judge of the city court of Leesburg to remove the

clerk. I draw this conclusion because I do not think the judge of the superior court has the authority to remove the clerk of the superior court. By this I mean that the judge alone, not as a court acting in conjunction with a jury, is not empowered to remove the clerk. The superior court properly organized, with a presiding judge to perform the legal functions within his province and a jury organized to pass upon disputed questions of fact, has the right, under the law (Civil Code of 1910, § 4897), to pass upon proper proceedings instituted for the purpose of removing the clerk; but the judge of the superior court, acting alone, has no such power. Accordingly the judge of the city court of Leesburg has no such power, and the part of the act quoted above does not confer that power. There is no other authority in the act which has reference to that subject. The part of the act of 1905 quoted above authorizes the judge to enforce his authority over the clerk by means of contempt proceedings, but it does not confer power to remove the clerk for malfeasance in office and similar reasons falling within the terms of the code section cited.

I also dissent from the answer made to the fifth question. In my opinion the reply to the fifth question is in irreconcilable conflict with the answer to the fourth question. As I agree fully to the answer to the fourth question, I am therefore unable to agree to the answer to the fifth question. In my opinion, where, in a proceeding to remove a clerk of the character under consideration, the jury finds the facts adversely to the defendant, the court then has no authority to do other than to carry that verdict into effect by a proper judgment. Of course, if on the trial the facts, in the opinion of the presiding judge, are insufficient to authorize the jury to find adversely to the clerk, the judge would be empowered to grant a nonsuit, or, after verdict, to grant a new trial.

Under the view I take of the questions propounded it is unnecessary to deal with the questions 8 (a), (b), (c), (d), and (e), because answers to these questions are desired only in the event this court should rule that the clerk of the superior court of Lee County can not be removed from the office of clerk of the superior court for any incapacity or misbehavior or misconduct in office as ex-officio clerk of the city court of Leesburg. I am authorized to say that Justice Hines concurs in this dissent.