14521.  WALLACE, clerk, *v.* STATE OF GEORGIA.

STEPHENS, J.  1. A judge of the superior court may, by amendment, add to his official signature to any document letters descriptive of his office. Where a rule nisi has been issued, signed by Z. A. Littlejohn, "J. C. C. O.," and made returnable to the superior court of Lee county, Georgia, which is in the southwestern circuit, he may thereafter amend the same by striking the letters "J. C. C. O." and inserting in lieu thereof the words "judge of the superior court of southwestern circuit."

2. The clerk of the superior court can not, by reason of any misconduct on his part in the discharge of the duties devolving on him as ex-officio clerk of a city court, be removed from office by the judge of the superior court, as is provided in section 4897 of the Civil Code (1910).

3. A petition to the superior court to remove the clerk of that court, which alleges as grounds for removal his failure to make a report of a certain sum of money, to wit, $1762.34, collected by him, and to pay it over to the treasurer of the county, as required by an act of the legislature approved August 18, 1917 (Ga. L. 1917, p. 295), and which alleges as an additional ground for removal that the clerk, in certain instances, failed to keep in proper condition the records of both the superior court and the city court, of which he was ex-officio clerk, although it may appear from the petition and exhibits that a certain part of the money collected was collected by him in his capacity of clerk of the city court, and although it may appear that certain of the records alleged to have been improperly kept were improperly kept by him as clerk of the city court, sets out sufficient grounds for his removal as clerk of the superior court.

4. Where the petition alleges that the acts of misconduct which are grounds for removal are illustrated in detail by a certain auditor's report on file in the office of the clerk of the superior court (who is the defendant), and which is referred to in the petition as an exhibit, the charges are alleged with a degree of particularity sufficient to put the defendant on notice.

5. In such a suit, where the minute books, bills of indictment, and orders of disposition of cases as shown by the report of the auditor have been admitted in evidence, it is not error to admit the bench or issue dockets upon the ground that the defendant was charged with irregularity as respects their keeper.

6. In such a suit it is error to admit, over an objection that it is irrelevant, evidence as to the conduct of the defendant as respects the office of clerk of the city court.

7. Whether or not a suit to remove the clerk of the superior court upon the ground of misconduct in office is a criminal proceeding, and the defendant therein may be allowed to make a statement not under oath, a refusal by the court to allow him to make a statement is harmless to him when it appears that he voluntarily took the witness stand and gave testimony under oath.

8. Where, in such a suit to remove the clerk of the superior court, the petition contains five counts alleging grounds for removal, two of which counts contain charges of misconduct upon the part of the defendant as clerk of both the superior and the city courts, as stated in paragraph 3 above, and the other three of which counts contain charges of misconduct upon the part of the defendant solely in his capacity as clerk of the city court, a conviction under each and all of the counts is nevertheless illegal and unauthorized, except in so far as it may appear from the evidence that the defendant was necessarily found guilty of misconduct as clerk of the superior court.

9. This being a suit in the superior court to remove the clerk of that court upon the ground of alleged misconduct, both as clerk of the superior court and as ex-officio clerk of the city court, and it appearing

from uncontradicted evidence that the defendant, as charged in count 1 of the petition, failed to account, as required by the act approved August 18, 1917, for a definite sum of money which had come into his possession as clerk of the superior court, to wit, $937.08, and also that the defendant, as clerk of the superior court, failed, as charged in count 2 of the petition, to transcribe on the minutes of the superior court cases finally disposed of on the dockets of that court, and committed errors in transcribing numbers and dates, the convictions under counts 1 and 2, in so far as they relate to his conduct as clerk of the superior court, were legally authorized.

10. Count 4 is without evidence to support it.

11. The court, therefore, properly overruled the defendant's motion for a new trial as respects counts 1 and 2, and erred in overruling the motion for a new trial as respects counts 3, 4 and 5.

12. Since the judgment removing the defendant from office was predicated upon the defendant's having been convicted upon the five counts in the petition, and since the convictions under three of the counts are set aside, the judgment of removal is hereby set aside and the case remanded to the superior court of Lee county, to be there disposed of according to law.

13. See the answers of the Supreme Court to certified questions in this case, 160 *Ga.* 570 (128 S. E. 759).

*Judgment affirmed in part and reversed in part. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 2, 1925.

Removal from office; from Lee superior court—Judge Custer presiding. December 9, 1922.

*Wallis & Fort,* for plaintiff in error.

*Jule Felton, solicitor-general,* contra.

