HARRIS *v.* NEUMAN *et al.*

No. 11311.   OCTOBER 15, 1936.
ADHERED TO ON REHEARING, DECEMBER 16, 1936.

*James W. Smith* and *R. J. Bacon,* for plaintiff.
*Leonard Farkas* and *Walter H. Burt,* for defendants.

BELL, Justice. 1. The petition in this case was considered in *Harris* v. *Neuman,* 179 *Ga.* 879 (177 S. E. 698), where it was held that "the petition as amended was not subject to any of the grounds of demurrer upon which it was dismissed, and the motion to strike should not have been sustained." A sufficient statement of the plaintiff's allegations will be found in that report. After the case was remanded, the plaintiff amended her petition by alleging that the defendant Neuman "is now seeking to contend" that the plaintiff's husband was not a debtor, but "was a vendor of said tract to said Neuman;" and that Neuman is estopped from asserting such contention, by reason of statements contained in the brief filed in his behalf in the Supreme Court. The court did not err in striking this amendment. The statements related to a construction of the petition as then being considered on demurrers and a motion to dismiss, and did not constitute any basis for estoppel as pleaded.

2. The evidence did not demand a finding in the plaintiff's favor as to the existence of an agency and trust relation on the part of Neuman to procure a loan for the benefit of the plaintiff's husband, as impliedly alleged in the plaintiff's petition, but authorized the inference that if Neuman was not a vendee, as contended by him, he himself, and not a third person, was the creditor. Nor did the evidence demand a finding of duress on his part in obtaining from the plaintiff wife payments to be applied on the debt of her husband. Accordingly, the former rulings made upon a construction of the petition, and relating to an implied trust and the statute of limitations, do not control the case as presented by the evidence, under which the jury were authorized to find that the wife's cause of action, if any, based upon such payments, was barred by the four-year statute of limitations. Code, § 3-706;

*Hill* v. *Fourth National Bank of Macon*, 156 *Ga.* 704 (120 S. E. 1); *O'Callaghan* v. *Bank of Eastman*, 180 *Ga.* 812 (2), 819 (180 S. E. 847). It follows that the verdict in favor of the defendants was supported by the evidence, regardless of other defenses.

■ The overruling of the special demurrers to the amendment of the answer of Neuman does not require a reversal. Some of these demurrers were speaking in character, while as to others it is apparent from the pleadings and the evidence that the ruling thereon was harmless, if erroneous. *Hudgins Contracting Co.* v. *Redmond*, 178 *Ga.* 317 (4) (173 S. E. 135); *Fidelity & Deposit Co.* v. *Norwood*, 38 *Ga. App.* 534, 541 (144 S. E. 387), and cit.

■ The plaintiff's husband was made a defendant in the case, and is a defendant in error in the bill of exceptions. No relief was sought by him against either of the other defendants, and the only issue upon the trial related to the right of the wife to a lien upon the property to the extent of payments which she claimed to have made upon a debt of her husband. Under the rulings stated above, the court did not err in overruling her motion for a new trial, which contained the general grounds only, nor does the record show any other valid reason why the judgment should be disturbed.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents, and Atkinson, J., absent because of illness.*