*Dykes, Bowers & Dykes,* for plaintiff in error.
*R. L. Maynard* and *H. B. Williams,* contra.

ROBITZSCH, commissioner, *el al.* v. THE STATE OF GEORGIA.

BELL, Justice. 1. Section 8 of the act of the General Assembly approved August 15, 1914 (Ga. L. 1914, p. 232), providing for removal of commissioners of roads and revenues of Ben Hill County, by the judge of the superior court or the ordinary, after investigation of charges preferred by twenty-five qualified voters, or by the judge of the superior court after such investigation where charges are made by the grand jury, does not violate the due-process clause of either the State or the Federal constitution for lack of requirement as to notice and hearing, in view of the provision that the judge of the superior court or the ordinary to whom the complaint is presented shall cause to be made an investigation of such charges, "at which investigation the accused shall have the benefit of counsel, if desired," since the provision quoted implies such requirement as to notice and hearing.

(a) A statute complies with constitutional provisions as to due process where it provides for notice and hearing as a matter of right, either in express terms, or, as in this instance, by necessary implication. Kennard *v.* State of Louisiana, 92 U. S. 480 (23 L. ed. 478); Tatlow *v.* Bacon, 101 Kan. 26 (4, 5) (165 Pac. 835, 14 A. L. R. 269).

(b) All presumptions being in favor of the constitutionality of an act of the legislature, it can not be lawfully set aside by the courts unless the alleged conflict with the constitution is plain and palpable. *Mayes* v. *Daniel*, 186 *Ga.* 345 (198 S. E. 535).

(c) The present statute necessarily implies that a commissioner shall be given notice and hearing before judgment, otherwise the court could not comply with the requirement as to affording benefit of counsel, if desired. This ruling is not in conflict with the decision in *State Board of Medical Examiners* v. *Lewis*, 149 *Ga.* 716 (102 S. E. 24), or with other decisions relied on by the respondents.

(d) On the law, the present case differs from the case of *Walton* v. *Davis*, 188 *Ga.* 56 (2 S. E. 2d, 603), where the applicable statute (Ga. L. 1927, p. 654) did not contain any language such as that "the accused shall have the benefit of counsel, if desired."

2. Section 8 of the act of 1914, supra, relating to the board of county commissioners of Ben Hill County, provides that "said county commissioners

shall not purchase directly or indirectly materials, live stock, supplies or other articles for any department of the county, from himself or from any copartnership in which he may be interested either directly or indirectly, nor from any person directly or indirectly in his employ in any capacity whatsoever;" and further provides in effect that if on prescribed investigation any commissioner shall be found guilty of having violated the foregoing provisions of this section he shall be removed from office by written order of the judge or ordinary trying such charges. *Held,* that this section of the act is not unconstitutional on the ground that it is a special law enacted in a case for which provision has been made by an existing general law, to wit, Code, §§ 23-1713, 23-1714, relating to purchases in behalf of counties by county commissioners and removal for violation of the inhibition therein declared. *County of Pulaski* v. *Thompson,* 83 *Ga.* 270 (4) (9 S. E. 1065); *Sayer* v. *Brown,* 119 *Ga.* 539 (4) (46 S. E. 649); *Smith* v. *Duggan,* 153 *Ga.* 463 (112 S. E. 458); *Rhodes* v. *Jernigan,* 155 *Ga.* 523 (2) (117 S. E. 432); *Bradford* v. *Hammond,* 179 *Ga.* 40 (175 S. E. 18).

(*a*) Under the following constitutional provisions, as heretofore construed by this court, the above-stated sections of the Code so far as they refer to county commissioners are subject to qualification by special acts, and the special acts need not be uniform: Code, §§ 2-4601, 2-8401. See, in this connection, *Moore* v. *Whaley,* 189 *Ga.,* post, 647.

(*b*) The request of counsel that the decision in *Bradford* v. *Hammond,* 179 *Ga.* 40, supra, be reviewed or overruled is denied.

3. The act of 1914, supra, is not invalid as failing to specify with sufficient distinctness the kind or character of the contemplated investigation, or before what court the same shall be made, or because it fails to provide for a plaintiff in whose name such proceedings shall be had. Code, §§ 2-3201, 2-3203, 2-3402, 3-105, 24-1901, 24-2615. See, in this connection, *Lancaster* v. *Hill,* 136 *Ga.* 405 (71 S. E. 731, Ann. Cas. 1912C, 272); *Wallace* v. *State,* 160 *Ga.* 570 (128 S. E. 759); *Wallace* v. *State,* 34 *Ga. App.* 281 (129 S. E. 299); *Adamson* v. *Leathers,* 60 *Ga. App.* 382 (3 S. E. 2d, 871).

4. The charges preferred by the grand jury in the instant case were not subject to special demurrer for failure to give more information than *was* given regarding the mercantile company from which purchases were made by the commissioners in behalf of the county; and if they were subject to special demurrer for failure to disclose what was meant by the words "W. Smith," "Morris," and "Richie," as contained in an account attached thereto, the overruling of such demurrer appears to have been harmless to the respondents, the agreed statement showing that the respondents knew that these words signified the names of employees of the county by whom the purchases were made. *Kytle* v. *Kytle,* 180 *Ga.* 833 (3) (181 S. E. 81); *Harris* v. *Neuman,* 183 *Ga.* 398 (3) (188 S. E. 689).

5. The provisions of the law as quoted in note 2 above merely prohibit purchases by a county commissioner from himself, or from any copartnership in which he may be interested either directly or indirectly, or from any person directly or indirectly in his employ in any capacity whatsoever. They do not prevent one commissioner from making pur-

chases from another, or from purchasing from a copartnership in which another commissioner may be interested, or from a person in the employ of another commissioner in any capacity. The statute, being quasi-criminal in nature, is subject to the rule of strict construction. The prohibited acts, however, are not denounced as criminal offenses, but are specified only as grounds for removal, and consequently the principles of the criminal law as to conspiracy and principals and accessories do not apply. See, in this connection, *Cobb* v. *Smith*, 102 *Ga.* 585 (27 S. E. 763); *Schane* v. *Atlanta*, 127 *Ga.* 36 (56 S.· E. 91); Myers *v.* Nichols, 98 W. Va. 37 (126 S. E. 351); State of Iowa ex rel. Fletcher *v.* Naumann, 213 Iowa, 418 (239 N. W. 93, 81 A. L. R. 483).

6. On application of the foregoing rulings, the court did not err in overruling the demurrer filed by Commissioner Robitzsch upon any ground therein taken, but did err in overruling grounds 1, 1(a), and 7 of the demurrer filed by Commissioners Horton and Stokes, and as related to the two last-named respondents the further proceedings were nugatory.

7. The order of the judge is properly construed as a finding that the charges preferred in the presentments by the grand jury were true, and as related to Commissioner Robitzsch this finding was authorized by the evidence. On making this finding, the trial judge had no discretion except to pass an order removing such commissioner, the statute in this respect being different from that relating to clerks of the superior court, who under the Code, § 24-2724, are merely *subject* to removal for stated causes. Compare *Wallace* v. *State*, 160 *Ga.* 570, supra.

*Judgment affirmed as to Commissioner Robitzsch; reversed as to Commissioners Horton and Stokes. All the Justices concur.*

No. 13006. FEBRUARY 15, 1940.

644

646

*McDonald & McDonald,* for plaintiffs in error.
*Allan C. Garden, solicitor-general,* and *Harvey L. Jay,* contra.