RHODES *et al. v.* JERNIGAN *et al.*

GILBERT, J. 1. An election for members of a county board of roads and revenue is not invalid because the candidates are voted for as " county commissioner." " Commissioners of roads and revenue " and " county commissioners " are terms used interchangeably in the constitution, and have been so used in the decisions of this court. *Dyer* v. *Martin,* 132 *Ga.* 445, 447 (64 S. E. 475) ; *Morris* v. *Smith,* 153 *Ga.* 438 (2) (112 S. E. 468).

2. The amendment to the constitution proposed by the General Assembly in the act of 1914 (Ga. Laws 1914, p. 43) did not have the effect of changing the term of office of members of the board of roads and revenues of Hancock County, as provided in the act creating said board (Ga. Laws 1902, p. 217). The members of the board of roads and revenue are county officers, but are not such county officers as are referred to in art. 11, sec. 2, par. 1, of the State constitution (Civil Code (1910), § 6599), which, as amended, provides in part that " The county officers shall be elected by the qualified voters of their respective counties, or districts, and shall hold their offices for four years." The next paragraph of the constitution (Civil Code, § 6600), provides: " Whatever tribunal, or officers, may. hereafter be created by the General Assembly, for the transaction of county matters, shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for the appointment of commissioners of road and revenues in any county," and art. 6, section 19, par. 1 of the constitution (Civil Code, § 6548), provides as follows: " The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." It has been held by this court ·that the legislature has power to pass separate and distinct acts for any counties which require county commissioners, and " it is not necessary that these acts shall be uniform in their operation in all such counties." *Smith* v. *Duggan,* 153 *Ga.* 463, 465 (112 S. E. 458), and authorities cited.

3. The court did not err in rendering judgment for petitioners.

*Judgment affirmed. All the Justices concur.*

No. 3667. MAY 3, 1923.

Quo warranto. Before Judge Park. Hancock superior court. February 24, 1923.

Layson, Jernigan, and Garrett, on February 23, 1923, presented a petition for leave to file an information in the nature of quo warranto, for the purpose of inquiring into the right of Rhodes and Rives to hold the offices of commissioners of roads and revenues of Hancock County, and calling upon them to show cause why they should not be ousted from said offices. The petition alleged that prior to January 1, 1923, the board of commissioners of roads and revenues for Hancock County had consisted of Rhodes, Rives, and Hill; that five or six months prior to January 1, 1923, Hill had removed from the State; that no successor to Hill had been elected, and his office had therefore become vacant; that the terms of office of Rhodes and Rives expired on December 31, 1922; that in the general election held on November 7, 1922, petitioners Layson, Jernigan, and Garrett were elected and chosen as the board of roads and revenues, having received more votes than any other person or candidate; that their election was duly certified according to law, and on December 5, 1922, the Governor issued commissions to each of them; that their terms of office began on January 1, 1923, and on that date they subscribed the usual oath of office; that they are rightfully entitled to hold the offices, but that the same are unlawfully usurped, held, and exercised by Rhodes and Rives, contrary to law.

The defendants filed an answer asserting that they were elected to the offices mentioned for the full term of four years beginning January 1, 1921, and that their terms of office would not expire until December 31, 1924; that the official ballot used in the general election held on November 7, 1922, did not bear the names of any persons as candidates for the offices of commissioners of the board of roads and revenues of Hancock County; that neither the petitioners nor any other persons were voted for in said election for the offices named; that while, in said election, at two or three of the precincts in said county a separate ticket was deposited by a small number of voters bearing the following: " County Commissioner (Vote for Three) C. M. Layson, A. E. Jernigan, H. R. Garrett," it was not known or understood by the qualified voters that there was to be an election for the office referred to, but on the contrary it was generally known and under-

stood that defendants had been elected for the full term of four years and that their term of office did not expire until December 31, 1924; that far less than a majority of the qualified voters voting at said election voted the ticket above quoted; that there was no bona fide election for said office; that the voters had no opportunity of passing upon candidates for said office, that the so-called election was a travesty upon the law; that there is no such office created by law in Hancock County as "county commissioner," and, even if said ballots had expressly set out that they were ballots for or in favor of petitioners, they would be of no effect whatever, for the reason that there is no such office as that of county commissioner.

The matter was submitted to the court upon the following agreed statement of facts: "On account of opinion of the attorney-general of Ga., no candidates announced or were voted for the office of county commissioner of Hancock County in the September primary, or board of roads and revenues. No candidates ran and were voted for in the general election held November 7th, 1922, except petitioners. The attorney-general, a few days prior to the general election, rendered another opinion, in effect, that the commissioners of Hancock county were elected for two years, and petitioners then ran in the general election. The ordinary of Hancock County had already forwarded to the various election managers in the several precincts in the county the election papers and ballots. Petitioners had printed ballots in [the form quoted above]. These tickets were sent out to the several election precincts of the county, on the morning of the general election, Nov. 7th, 1922. In the general election, those voting for county commissioners voted two ballots; one, the official ballot sent out by the ordinary; the other, the above ballot. Both of these were cast by the voter at the same time to the same managers and placed in the same box, and both bore the identical number appearing opposite the name of the voter on the list of voters kept by the managers. Both ballots were counted and consolidated together on the same tally-sheet; but one return, including all officers voted for in both ballots, were made by the managers. In said general election about 450 votes were cast, and of these about 135 to 150 votes were cast for petitioners in the above form of ballot. At some of the precincts in the county no

ballots for commissioners were cast. No contest has been filed of said election. The consolidation of the election was held at 12 o'clock on Wednesday following the general election held on Tuesday, and all votes consolidated and returns made to the proper authority, treating said election as though only one ballot had been cast. At the consolidation the election managers declared petitioners duly elected commissioners of Hancock County. Respondents requested a hearing before the Governor, and at said hearing protested issuance of commissions to petitioners. Commissions were issued petitioners, dated December 5th, 1922, in the form as here presented to the court. On January 1st, 1923, petitioners subscribed to the oath required by law, as commissioners of Hancock County. On January 5th, 1923, the regular meeting day of the board of roads and revenue of Hancock County, petitioners assembled at the court-house and organized for the purpose of discharging their duties as such officers as provided by law, and made demand upon the respondents for the delivery of all records and property and of said office to petitioners, which demand was refused. It is further agreed that the form of commission issued to respondents is identical with form of commission issued to petitioners, except name, date, and signature of Governor. That respondents were elected at general election in 1920, and went into office January 1st, 1921."

The court rendered a judgment finding for the petitioners. The opinion of the trial judge is as follows: "One of the contentions of the respondents was that petitioners were not elected to the office of the board of roads and revenues of Hancock County, as provided by the local acts of said county; that the said local acts designated the office as the board of roads and revenues of Hancock County, and the ticket attached to said agreed statement of facts shows that petitioners were voted for in the November, 1922, election as 'county commissioner,' and that there is no such office provided for by the said local laws. On this issue in the case it will be seen that the constitutional provisions as contained in sections 6548 and 6600 of the Civil Code of 1910, that the first section provides that the General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and define their duties. The latter section provides that the General Assembly may provide for the appoint-

ment of commissioners of roads and revenues in any county. The Supreme Court in the case of the *Board of Commissioners* v. *Americus,* 141 *Ga.* 544, decides that these two provisions of the constitution should be construed in connection with each other; and it will be seen that the words county commissioners and commissioners of roads and revenues are interchangeable terms. Besides, the difference in the words of said local acts and the words on said tickets would be mere irregularity under section 126 of said code. This section expressly provides that no election shall be defeated for non-compliance with the requirements of the law, if held at the proper time and place and by qualified persons, if it is not shown that, by non-compliance, the result would be different. This was not shown, as will appear from said agreed statement. The Supreme Court, in the case of *DuPre* v. *Cotton,* 134 *Ga.* 316, decides that a ballot in substantial accord with the statutory form and which clearly expresses the intention of the voter will not be disregarded because it is not in the exact statutory words. Therefore I hold that the ticket voted in said election held in November, 1922, was substantially in the form required by law. . .

".This brings us to the last and controlling question in this case, which is, was it the intention of the constitutional amendment, ratified in 1914 and which went into effect on January 1st, 1917, as provided by the said amendment embraced in section 6599 of said Code, to include the county commissioners or board of roads and revenues of Hancock County as county officers to be elected every four years? If this is true, then the respondents would be entitled to hold the office until December 31st, 1924. If this is not true, then the petitioners would be entitled to the office from December 31st, 1922. To properly pass on this question it is necessary to consider the laws in force touching this issue previous to the ratification of said amendment. The constitution of Georgia, previous to the adoption of said amendment, empowered the General Assembly to provide for the creation of county commissioners [for such counties] as required them and to define their duties. See section 6548 of the Civil Code of 1910. The constitutional provision as contained in section 6600 of said code provides, after the heading, ' County Officers to be Uniform:' ' Whatever tribunal, or officers, may hereafter be

created by the General Assembly, for the transaction of county matters, shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for the appointment of commisioners of roads and revenues in any county.' These constitutional provisions contained in the same paragraph evidently and conclusively place county commissioners upon a different footing with other county officers, and they are entirely independent as to their selection from the other officers alluded to in said section. Therefore I hold that said constitutional amendment providing for terms of office of county officers does not apply or include the said county commissioners of Hancock County, and, under the local acts of said county providing for a board of roads and revenues, that the terms of office of the respondents expired on the 31st day of December, 1922, and that the petitioners were then duly elected and qualified county commissioners or the board of roads and revenues of Hancock County for the term beginning on January 1st, 1923, and that they are entitled to said office under the laws of Georgia. In support of this conclusion, I will refer briefly to the following authorities, to wit: Section 112, Civil Code (1910), enumerates the names of officers that were really intended to be included in said constitutional amendment of 1914. I call attention also to section 113, whereby it is provided that the election of any officer not mentioned, whose duties are entirely of a county nature, shall be held at the same time, unless otherwise provided. Under the following decisions of the Supreme Court the General Assembly has the power to pass separate and distinct laws creating county commissioners of roads and revenues for every county in Georgia; and the provisions of general laws enacted by the legislature do not apply to such officers, unless made so by the special laws creating them. On this issue see the cases of *Pulaski County* v. *Thompson,* 83 *Ga.* 270 (9 S. E. 265), *Sayer* v. *Brown,* 119 *Ga.* 539 (46 S. E. 649), and *Smith* v. *Duggan,* 153 *Ga.* 463 (112 S. E. 158), and this decision was not rendered until May 17th, 1922, and the office of county commissioners is subject to the local acts creating such office; and' as the local acts of Hancock County provided that such commissioners should hold office for two years by virtue of any election therefor, the terms of office expired by operation of law on Decem-

ber 31st, 1922, and the petitioners, under the law, were then duly elected County Commissioners or the board of roads and revenues commencing on January 1st, 1923."

*Wiley & Lewis* and *Allen & Pottle,* for plaintiffs in error.
*Burwell & Fleming* and *G. L. Dickens,* contra.