BRADFORD *et al.* v. HAMMOND *et al.; et vice versa.*

Nos. 9976, 9991.   June 14, 1934.

*John D. & E. S. Taylor* and *Wright & Covington,* for plaintiffs in error in main bill of exceptions.

*Wesley Shropshire, C. D. Rivers,* and *Maddox, Matthews & Owens,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) We shall first deal with the cross-bill of exceptions, so as to pass from the consideration of the merits of a mere portion of the petition to a discussion of the entire matter which by the main bill of exceptions it is sought to review. Various cases are cited in support of the contention of the cross-bill; but upon examination it is seen that none of the cases cited deal with the rights, powers, or duties of boards of county commissioners, as authorized by art. 6, sec. 19, of the constitution of 1877, as follows: "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." In

the cases cited the provisions of art. 1, sec. 4, par. 1 of the constitution, which forbid the passage of special or local laws on subjects covered by existing general laws, are of course applicable. But the creation of county commissioners does not primarily depend upon the passage of any legislation by the General Assembly. It rests upon a constitutional provision of equal dignity with art. 1, sec. 4, par. 1, and must be construed in pari passu with that constitutional provision. Each and both are edicts of the sovereign power. No such subordination to the constitutional mandate exists as in the passage of laws in behalf of a municipal corporation, or board of education, or other bodies referred to by counsel for plaintiffs in error in the cross-bill. The constitutional enactment with reference to the creation of boards of county commissioners is as follows: "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." This portion of the constitution has been frequently construed by this court; and there has been no variation, so far as we are aware, from the fixed rule which, most briefly stated, may be said to be that there is no requirement as to uniformity in the creation of boards of commissioners of roads and revenues. *Smith* v. *Duggan,* 153 *Ga.* 463 (112 S. E. 458); *Rhodes* v. *Jernigan,* 155 *Ga.* 523 (117 S. E. 432). It was stated in the *Smith* case, that "It must be borne in mind that the constitution provides that the legislature has power to pass separate and distinct acts for any counties which require county commissioners, and does not require these acts to be uniform in operation." It was stated in the *Rhodes* case, that "Under the following decisions of the Supreme Court the General Assembly has the power to pass separate and distinct laws creating county commissioners of roads and revenues for every county in Georgia; and the provisions of general laws enacted by the legislature do not apply to such officers, unless made so by the special laws creating them. On this issue see the cases of *Pulaski County* v. *Thompson,* 83 *Ga.* 270 (9 S. E. 1065), *Sayer* v. *Brown,* 119 *Ga.* 539 (46 S. E. 649), and *Smith* v. *Duggan,* 153 *Ga.* 463," supra. So we are of the opinion that the court did not err in holding constitutional sections 6 and 7 of the act of 1933; and the judgment complained of in the cross-bill is affirmed.

The main bill of exceptions assigns error upon the judgment of

the court in not dismissing the entire original petition on general demurrer. We concur in this opinion. The judge properly sustained the demurrers directed to those portions of the petition based upon the ground that sections 6 and 7 of the act of 1933 were unconstitutional, and for the same reason he should have sustained the demurrers addressed to such parts of the original petition as alleged the unconstitutionality of sections 8 and 9 of the act in question. We recognize that the provisions as to the creation of boards of roads and revenues are of constitutional origin, and on the mere enactment of the General Assembly it becomes quite obvious that the rule which forbids the passage of special legislation where a general law has been passed upon the subject has no application whatsoever. In view of the decisions of this court in construing the rule as to the creation of county boards of roads and revenues to mean that any county in the State may have a board of commissioners upon an entirely different plan from any and all other like boards in the State, the court erred in holding that sections 8 and 9 of the act of 1933 were unconstitutional. The general demurrer to the entire petition should have been sustained, and the action dismissed.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*