MOORE, commissioner, *v.* WHALEY *et al.*

No. 13090.   FEBRUARY 15, 1940.

*W. E. Armistead,* for plaintiff in error.

*Poole, Pearce, Richardson & Graham,* and *John J. Poole,* contra.

REID, Chief Justice.   ■   "No ordinary, county commissioner, board of county commissioners, or any other county officer authorized or empowered by law to use public or county funds for the purchase of goods or property of any kind for public or county purposes, shall purchase said goods or property from any store in which he is an employee, or in which he is directly or indirectly interested, or from any person or partnership of which he is a member, or by whom he is employed, unless by sanction of the majority of the board of county commissioners of the county, or unless it shall be made clearly to appear that the said individual, partnership or owner of the store offers and will sell the goods or property as cheap as or cheaper than it can be bought elsewhere." Code, § 23-1713. Section 23-1714 declares that "Any county official violating the provisions of the preceding section shall be removed from office upon proper proceedings instituted by any taxpayer in said county, and any contract made in violation of the provisions of said section shall be illegal." Under the authority granted by § 23-1714, certain taxpayers of Clayton County instituted the present action in the superior court to remove the plaintiff in error from his office as a commissioner of that county for a violation of the provisions of § 23-1713.

By their terms these sections are of general application, the provisions being that "*No* . . county commissioner . . shall" etc., and that "*any*" county official violating the above section shall be removed, etc. The controlling questions presented here are: Does art. 1, sec. 4, par. 1, of the constitution (Code, § 2-401), which provides in part that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law," preclude the General Assembly from passing a special act, the effect of which is to repeal the provisions of the general law as contained in these sections of the Code as to the commissioners of a named county? If not, has the General Assembly, by section 12 of the act of 1910 (Ga. Laws, 1910, p. 256), which act created the board of commissioners of roads and revenues for Clayton County, rendered the provisions of these sections inapplicable to such commissioners so that they can not be removed thereunder? If the first question be answered in the negative, that is, that the General Assembly is not precluded by the above provision of the constitution from pro tanto repealing the provisions of the Code, §§ 23-1713, 23-1714, by the passage of a special act rendering them inapplicable to the commissioners of a named county, and an affirmative answer should be made to the second question, that is, that the General Assembly has actually repealed these sections as to the commissioners of Clayton County, the trial judge should have sustained the demurrer and dismissed the petition. If, on the other hand, the first question be answered in the affirmative, or the second question be answered in the negative, we are of the opinion that he properly overruled the demurrer. The other points made by the demurrer that said Code sections are not applicable to the commissioners of Clayton County, because the act of 1910 creating the board does not expressly make them applicable, and that the provisions for removal are too indefinite to be enforced, for the reason that they do not set out the nature of the proceedings to be brought by the taxpayer and in what court said proceeding should be brought, seem to us to be without merit. See, on the latter question, *Robitzsch* v. *State of Georgia*, 189 *Ga.* 637.

Beginning with *County of Pulaski* v. *Thompson*, 83 *Ga.* 270 (4) (9 S. E. 1065), it has been consistently held by this court that un-

der the constitution of 1877 the General Assembly has the power
to pass separate and distinct acts for any counties which require
county commissioners, and it is not necessary that these acts shall
be uniform in their operation in all such counties. This prin-
ciple has been held to apply to the powers, duties, jurisdiction, and
other matters pertaining to county commissioners. See *Robitzsch*
v. *State,* supra, headnote 3, and cit. In *Bradford* v. *Hammond,*
179 *Ga.* 40 (175 S. E. 18), it was further ruled that even though
the General Assembly had enacted a general law in reference to
county commissioners of this State, it was not prohibited by art.
1, sec. 4, par. 1, from amending the general law by special acts.
In the *Robitzsch* case, supra, this ruling was followed. The court
said in that case that "Under the following constitutional provi-
sions, as heretofore construed by this court, the above-stated sec-
tions of the Code [§§ 23-1713, 23-1714] so far as they refer to
county commissioners are subject to qualification by special acts,
and the special acts need not be uniform: Code, §§ 2-4601,
2-8401." In that case a request to review and overrule the *Brad-
ford* decision was denied. In view of this, we may pass from the
first question above propounded without further discussion.

■ Has the General Assembly, by section 12 of the act of 1910,
which act established the board of commissioners of roads and
revenues of Clayton County, and which contains no provision for
removal for violation of section 12, pro tanto repealed the provisions
of the Code, §§ 23-1713, 23-1714 by making them inapplicable to
the commissioners of Clayton County? Section 12 is as follows:
"Be it further enacted by the authority aforesaid, That said board
shall not hire or employ or contract with any member of said board
or with any one related to any member of said board, for work to
be done or supplies to be furnished said county, except such work
to be done or supplies to be furnished shall be let at public outcry
to the best bidder." The general purpose and object of Code §§
23-1713, 23-1714, and § 12 of the act of 1910 are clearly the same.
In so far as the charge made against the plaintiff in error is con-
cerned, that he, acting for the board, purchased goods on behalf
of the county from himself, the subject-matter of the two statutes
is the same. Under the general law a county commissioner acting
on behalf of the board can not enter into a contract for the pur-
chase of goods for the county with himself, (1) unless said con-

tract be sanctioned by a "majority of the board of county commissioners," or (2) "unless it shall be made clearly to appear that" he "offers and will sell the goods or property as cheap or cheaper than it can be bought elsewhere." Under the special act no such contract can be lawfully made unless it "be let at public outcry to the best bidder."

While we are fully conscious of the rule that repeals of statutes by implication are generally not favored, and in order to bring about that result the legislative intent to repeal must be ascertained from the language of the act, and must be clear, manifest, and irreconcilable with intent not to repeal, we have concluded that the special act works a pro-tanto repeal of the general law as to the commissioners of Clayton County, and accordingly they can not be removed under the provisions of the general law. As the rule above stated indicates, repeal by implication is in its last analysis a matter of legislative intent. In order for a subsequent statute to work a repeal of a prior one it is not necessary that the terms of the subsequent statute be the exact antithesis of the terms of the prior one, but it is sufficient if from the terms and character of the subsequent statute an intent to thereby repeal the former is made apparent. "It is equally well settled that a subsequent statute which is clearly repugnant to a prior one necessarily repeals the former, although it does not do so in terms; and even if the subsequent statute be not repugnant, in all its provisions, to a prior one, yet if the later statute was clearly intended to prescribe the only rule that should govern in the case provided for, it repeals the original act." Sedgwick, Construction of Statutory and Constitutional Law (2d ed.), 104, quoted with approval in *Western & Atlantic R. Co.* v. *Atlanta,* 113 *Ga.* 537, 556 (38 S. E. 996, 54 L. R. A. 294).

A contract of the character charged against the plaintiff in error may meet the requirements of the general law, that is, it may have been entered into by the sanction of a majority of the commissioners, or the goods might be purchased as cheap or cheaper than they could be purchased elsewhere, and the contract nevertheless be in violation of the terms of the special act, because it was not the result of a public sale to the best bidder. On the other hand, such contract may meet the requirements of the first act, that is, it may have been the result of a public sale and nevertheless be in

violation of the terms of the general law, because it was neither actually sanctioned by a majority of the board nor the goods purchased as cheap or cheaper than they could be purchased elsewhere. Since it is manifest that the commissioners of Clayton County are bound by the provisions of the special act, a contract of the character involved in the present charge against the plaintiff in error is clearly beyond the authority of the commissioner or commissioners if it was not the result of a public sale to the best bidder as provided in that act. And, accordingly, such a contract draws unto itself no validity by virtue of the fact that the provisions of the general law are complied with. Since the General Assembly has provided as to the commissioners of Clayton County that any such contract must, at all events, be the result of a public sale to the best bidder, it is not reasonable to suppose that it was intended that such a contract should also be governed by the requirements of the Code, § 23-1713. It is earnestly contended by counsel for the taxpayers that the two acts should be construed together and both be given concurrent efficacy. It is stated that if this is done the effect of the special act is merely to deprive the board of commissioners of Clayton County of any authority which it might have had under the general law to sanction such a contract. It is in fact alleged in the petition "That the commissioners had no authority under the law to sanction same, for the reason that the act of the legislature of 1910 creating said board of county commissioners, in section 12 thereof, provided as follows:" (Here the section is quoted.) The rule contended for is sound, but we do not think that both acts can stand. *Parrish* v. *Savannah,* 185 *Ga.* 828, 833. (196 S. E. 721). The result reached by this argument does not give the two statutes concurrent efficacy, but repeals an important part of the general law; and since the general law is quasi penal in its nature, this would seem to be good argument why the general act should be held wholly inapplicable to such commissioners. This is not, however, a correct view of the special act, for it clearly deprives such a contract of any legality which it might have had under the terms of the general law.

Since we are of the opinion that Code § 23-1713 has been rendered inapplicable to the commissioners of Clayton County by section 12 of the act of 1910, it necessarily follows that such commissioners can not be removed under the Code, § 23-1714, for violat-

ing the terms of the above section. Under this view the trial judge should have sustained the demurrer and dismissed the petition.

*Judgment reversed. All the Justices concur.*