ROBERT *v.* STEED.

No. 17097. JUNE 13, 1950.

42

*Harold Sheats*, for plaintiff in error.

*W. S. Northcutt, Durwood T. Pye, E. A. Wright* and *James W. Dorsey*, contra.

HEAD, Justice. ■ The first question for determination by this court is whether or not the office of County Surveyor of Fulton County was vacant at the time the relator was appointed to the office by the Board of Commissioners of Roads and Revenues of Fulton County.

The Code, § 89-501, provides: "All offices in the State shall be vacated— . . (6) By failing to apply for and obtain commissions or certificates, or by failing to qualify or give bond, or both, within the time prescribed by the laws and Constitution." By the Code, § 89-408, it is provided that all county officers shall have until the first day of January next after their election to file the bonds required of them by law.

Honorable Eugene Gunby, Ordinary of Fulton County, upon the trial of the cause, testified: The respondent did not file a bond in the ordinary's office prior to January 1, 1949; he talked to both Mr. and Mrs. Robert over the telephone thereafter,

stating to both of them that Mr. Robert had not made bond; he wrote the Secretary of State on May 10, 1949, stating that no bond had been given by the respondent, and that he was returning the dedimus and other papers; thereafter, on October 13, 1949, the respondent and the respondent's attorney came to his office and tendered a bond for the respondent.

On cross-examination the ordinary testified: He has no recollection of the respondent appearing with other officers and taking the oath of office on or about January 1, 1949; the bond tendered by the respondent on October 13, 1949, was for a term beginning January 1, 1949, and ending January 1, 1953; the ordinary refused to accept the bond due to the fact that he had previously returned the dedimus and other papers to the office of the Secretary of State, and the Commissioners of Fulton County had taken some action in the matter.

The respondent did not testify. The testimony of the ordinary was sufficient to show that the respondent did not tender an official bond on or before January 1, 1949; that he had not tendered such bond on May 10, 1949, when the ordinary returned the dedimus to the office of the Secretary of State; and that no bond was tendered until October 13, 1949, which was almost sixty days after the relator had made bond and taken the oath of office based upon his election to the office of county surveyor by the Board of Commissioners of Roads and Revenues of Fulton County.

In *Ross* v. *Williamson*, 44 *Ga.* 501, it was held that a county office would not be declared vacant for failure to make bond unless it be shown that the failure was due to the negligence or default of such officer, and that it had been the policy in this State not to strictly construe the requirement that an elective county official must file his bond on or before January 1. Whether or not this practice may have been continued, the failure of an elective official to file a bond for a period of more than ten months, after notice from the proper official that the bond had not been filed, can not be a compliance with the law. Such disregard for the requirements of the statute amounted to a forfeiture by the respondent of any claim to the office of county surveyor. Especially would this be true when it appears that, due to the respondent's neglect and delay in filing any bond, an-

other person had been named to the office of county surveyor, and had qualified by taking the oath and making the bond required by law. See *Compton* v. *Hix,* 184 *Ga.* 749 (193 S. E. 252).

■ The Board of Commissioners of Roads and Revenues of Fulton County was created by an act of the General Assembly approved December 3, 1880 (Ga. L. 1880-1881, p. 508). By an amendment approved September 29, 1881 (Ga. L. 1880-1881, p. 546), it was provided: "The Commissioners of Roads and Revenues for the county of Fulton are authorized and empowered to exercise all the powers that could lawfully be exercised by the Inferior Court when sitting for county purposes, or by the Justices thereof, at the time of the abolishment of the Inferior Court, except as to the proceedings and record in cases of lunacy."

Since the act of 1881, amending the act creating the Board of Commissioners of Roads and Revenues for Fulton County, provides that the commissioners shall discharge those duties placed upon the Inferior Courts or Justices thereof at the time such courts were abolished, it becomes necessary to determine what powers such courts exercised at that time.

The Inferior Courts of this State were abolished by the Constitution of 1868, art. 5, sec. 14, par. 1. See Code of 1873, § 5126. Courts of Ordinary were created by an amendment to the Constitution approved December 5, 1851, and such courts were given original, exclusive, and general jurisdiction over the probate of wills and in all matters pertaining to letters of administration on estates, guardianship, and the issuing of commissions of lunacy in conformity with law. See Code of 1863, §§ 294, 306. By the creation of Courts of Ordinary, the jurisdiction of the Inferior Courts was reduced. However, such courts retained the duty to supply "by appointment all vacancies in county offices." Code of 1863, § 286 (5). This right to fill vacancies in county offices was vested in the Inferior Courts at the time such courts were abolished by the Constitution of 1868. The filling of vacancies in county offices in Fulton County was therefore conferred upon the Board of Commissioners of Roads and Revenues by the act of 1881.

■ It is contended by the respondent that the act of the General Assembly conferring the power upon the board of commis-

sioners of roads and revenues to fill vacancies in county offices in Fulton County violates the following provisions of the Constitution: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Constitution, art. 1, sec. 4, par. 1 (Code, Ann., § 2-401). "Except as otherwise provided in this Constitution, the jurisdiction, powers, proceedings and practice of all courts or officers invested with judicial powers (except City Courts) of the same grade or class, so far as regulated by law, . . shall be uniform." Constitution, art. 6, sec. 9, par. 1 (Code, Ann., § 2-4401). "Whatever tribunal, or officers, may be created by the General Assembly for the transaction of county matters, shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for Commissioners of Roads and Revenues in any county, . ." Constitution, art. 11, sec. 1, par. 6 (Code, Ann., § 2-7806).

The language in the last-quoted constitutional provision, "except that the General Assembly may provide for Commissioners of Roads and Revenues in any County," must be construed with the Constitution, art. 6, sec. 17, par. 1 (Code, Ann., § 2-5201), as follows: "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." This court has uniformly construed these provisions of the Constitution to confer upon the General Assembly the power to create boards of commissioners with such powers as the Assembly may grant, without regard to uniformity in the powers conferred; and that the constitutional prohibition which declares that "no special law shall be enacted in any case for which provision has been made by an existing general law," is not violated by the creation of such boards. *County of Pulaski* v. *Thompson & Co.,* 83 *Ga.* 270 (9 S. E. 1065); *Smith* v. *Duggan,* 153 *Ga.* 463 (112 S. E. 458); *Rhodes* v. *Jernigan,* 155 *Ga.* 523 (117 S. E. 432); *Bradford* v. *Hammond,* 179 *Ga.* 40 (175 S. E. 18); *Moore* v. *Whaley,* 189 *Ga.* 647 (7 S. E. 2d, 394); *Bowen* v. *Lewis,* 201 *Ga.* 487 (40 S. E. 2d, 80).

During the oral argument in this court, counsel for the re-

spondent called our attention to the case of *Williams* v. *Sumter County*, 151 *Ga.* 402 (107 S. E. 158). The ruling here made is not in conflict with the statement in the *Williams* case that "the board of commissioners of roads and revenues are invested by law with the same duties imposed upon the ordinary . . in counties where no such board of county commissioners is provided, with one exception, to wit, that of 'supplying by appointment all vacancies in county offices and in ordering elections to fill them.'" The act of the General Assembly creating the Board of Commissioners for Sumter County (Ga. L. 1871-72, p. 225, § 4), cited in the opinion in the *Williams* case, did not confer upon the board the power to fill vacancies. The ruling in the *Williams* case is therefore not applicable in the present case.

The general demurrer of the respondent was properly overruled, and the court did not err, on demurrer, in striking the amendment of the respondent to his answer. The special assignments of error in the amended motion for new trial are controlled by the rulings heretofore made, and there was no error in overruling the motion for new trial, as amended. The relator proved his claim to the office of county surveyor, and the trial court did not err in directing a verdict for him, and in thereafter entering a judgment requiring the respondent to deliver the office and records to the relator.

*Judgment affirmed. All the Justices concur.*