21872. WILSON v. JONES, Commissioner, et al.

SUBMITTED JANUARY 14, 1963—DECIDED FEBRUARY 11, 1963—
REHEARING DENIED MARCH 11, 1963.

*Cook & Palmour*, for plaintiff in error.

*Robert Edward Surles, F. H. Boney, John W. Maddox, Matthews, Maddox, Walton & Smith,* contra.

ALMAND, Justice. The bill of exceptions assigns error on the sustaining of general demurrers to a petition seeking injunctive relief.

Ewart Wilson, as a citizen and taxpayer of Chattooga County, in his petition against John S. Jones, as Commissioner of Roads and Revenue of Chattooga County, James Marks and Julian Harrison, Inc., sought to enjoin the defendants from consummating a sale of county property and the defendant Jones from purchasing personal property from the other defendants. It was alleged that Jones, as county commissioner, published in one issue of the Summerville News an advertisement for bids as follows: " '2-new 1962 GMC V 4001 - 19,500 G.V.W., two-ton dump trucks or equal in a Ford, Chevrolet or International. These trucks must have 5 to 6 yard box. Heavy duty hoist and cab shield, approximately 154" wheel base, 6-825 x 20 10-ply nylon tube tires and extra wheel. 4-speed transmission with 2-speed axle. Heavy duty springs and raditor [radiator?]. Heavy duty motor and signal lights. Please quote best offer in exchange for: 1-1957 1½ ton Chevrolet with 5-yard box and cab shield. 1-1954 International 1½ ton with 5 yard box. Can be seen at Chattooga County Works Camp.' There had been no prior advertisement for bids on the above-described property, nor for the said sale of county property; nor any subsequent advertisement for bids for sale of county property. Said advertisement for bids did not state the date and place for opening bids; and the bid hereinafter related was opened immediately upon being received." (Paragraphs 4 & 5 of plaintiff's petition). It was further alleged that in response to this call for bids the defendant Marks submitted the following bid: "1962 Ford or Dodge 6 Cyl. HD Motor with H. D. clutch and booster brakes $6,400.00 exchange with Int. & Chev. Trade In." Signed James H. Marks. It was further alleged that Commissioner Jones by letter accepted this bid.

It was alleged that the proposed purchase of the two trucks and the sale of the two county-owned trucks violated the provisions of §§ 11 and 12 of the act of March 6, 1956 (Ga. L.

1956, pp. 2899, 2902) which provide: That it shall be unlawful for the Commissioner of Chattooga County to sell any county property except by competitive bids after advertising once a week for three weeks. Such advertisement shall give a complete description of the property offered for sale. All purchases in excess of $50 shall be upon a sealed competitive bid after advertisement, which shall state the date and place of the opening bid.

It is asserted that the acts of County Commissioner Jones violated the act of 1956 and rendered illegal the proposed purchase and sale of county property in the following particulars: (a) The advertisement for the sale of county property was not advertised once a week for three weeks; (b) the advertisement for the purchase of two trucks and sale or exchange of two trucks did not state the date and place of opening the bids; (c) the advertisement was too vague in its specifications for a proper bid to be based thereon. It was alleged that the failure of County Commissioner Jones to comply with the provisions of the 1956 act rendered the proposed contract for the purchase and sale of county-owned property and the bid of the defendant Marks and its acceptance by County Commissioner Jones null and void.

The court below sustained the separate general demurrers of the three defendants.

■ It is contended by the defendant County Commissioner Jones that the plaintiff being devoid of any interest or injury cannot challenge the acts of the defendant commissioner. This court has repeatedly held that citizens and taxpayers have such an interest in county property as will authorize them to resort to injunctive relief to prevent an alleged sale or disposition of such property. *Malcolm v. Webb*, 211 Ga. 449 (86 SE2d 489); *Timbs v. Straub*, 216 Ga. 451 (117 SE2d 462). Following this unbroken line of authorities we hold that the plaintiff has the right to challenge the acts of the defendant county commissioner.

■ We now consider the general demurrers of the defendant County Commissioner Jones and Marks. We are of the opinion that the trial court erred in sustaining their general demurrers.

The petition alleges that in the advertisement for bids on the sale or disposition of the two county-owned trucks, the defendant

county commissioner did not comply with § 11 of the act of 1956, Ga. L. 1956, p. 2902, which provides: "It shall be unlawful for the commissioner to sell any county property, real or personal, which may lawfully be sold, except by competitive sealed bids, after advertisement for such bids in the official organ of Chattooga County once a week for the three (3) weeks immediately preceding the date on which such bids must be submitted," in that the advertisement for bids was run only one time. Whether the proposed purchase of the two new trucks and the invitation to bidders "to quote best offer in exchange" on the two county-owned trucks be called barter or exchange, in its essence it was an attempt to sell or dispose of county property. The provision of § 11 that county property, real or personal, can not be sold except after advertisement for three weeks for competitive bids is mandatory. The petition sufficiently alleged a noncompliance with this section to withstand a general demurrer.

The defendant county commissioner contends that since the petition does not allege that the two county-owned trucks were serviceable, it must be presumed that he was disposing of them as being nonserviceable and that he had the right to do so under *Code* § 91-804 without advertisement for bids. This Code section provides that when any public property shall become unserviceable it may be sold or otherwise disposed of by order of the proper authority. It is contended that § 11 of the act of 1956 is a special law and being in conflict with a general law (*Code* § 91-804) it must yield to it.

Art. VI, Sec. XVII, Par. I (*Code Ann.* § 2-5201) of the Constitution of 1945 provides: "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." Art. XI, Sec. I, Par. VI (*Code Ann.* § 2-7806) of the same Constitution provides: "Whatever tribunal, or officers, may be created by the General Assembly for transaction of county matters, shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for Commissioners of Roads and Revenues in any county, may abolish the office of County Treasurer in

any county, may fix the compensation of County Treasurers, and may consolidate the offices of Tax Receiver and Tax Collector in the Office of Tax Commissioner, and may fix his compensation, without respect to uniformity." In *Bowen v. Lewis,* 201 Ga. 487, 489 (40 SE2d 80), it was said: "The provisions of the Constitution above quoted should, we think, be construed together, and so construed, there is no limitation or restriction upon the General Assembly in the creation of such commissioners by special act." In this case (p. 489) the court quoted with approval from *Rhodes v. Jernigan,* 155 Ga. 523, 528 (117 SE 432) the following: " 'Under the following decisions of the Supreme Court the General Assembly has the power to pass separate and distinct laws creating county commissioners of roads and revenues for every county in Georgia; *and the provisions of general laws enacted by the legislature do not apply to such officers, unless made so by the special laws creating them.* (Italics ours). On this issue, see the cases of *Pulaski County v. Thompson,* 83 Ga. 270 (9 SE 265), *Sayer v. Brown,* 119 Ga. 539 (46 SE 649), and *Smith v. Duggan,* 153 Ga. 463 (112 SE 458).' See also *Bradford v. Hammond,* 179 Ga. 46 (175 SE 18); *Robitzsch v. State,* 189 Ga. 638 (7 SE2d 387); *Moore v. Whaley,* 189 Ga. 647 (7 SE2d 394)."

It was held in *Hutchins v. Candler,* 209 Ga. 415 (1) (73 SE2d 191) that "The rights and powers of county commissioners are not defined by general laws but by the special acts creating them." The act of 1956, aforesaid, creates the office of Commissioner of Roads and Revenue of Chattooga County, his powers and duties. His powers as to the sale of county property, serviceable or unserviceable, is by virtue of § 11 of this act and not under *Code* § 91-804.

Our ruling here is not in conflict with the rulings in *Timbs v. Straub,* 216 Ga. 451, supra; *Malcolm v. Fulton County,* 209 Ga. 392 (73 SE2d 173); *Davis v. Logan,* 206 Ga. 524 (57 SE2d 568); and *Dyer v. Martin,* 132 Ga. 445 (64 SE 475). The powers conferred by the special acts upon the county commissioners in these cases as to the sale of county property were not in conflict with *Code* § 91-804.

Furthermore, under the allegations in the petition, the ad-

vertisement for bids in the purchase of two new trucks did not comply with § 12 of the Act of 1956 in that the advertisement did not "state the date and place of opening the bids."

Under the allegations of the petition and the mandatory provisions of the act of 1956 as to the sale of county property and the purchase of property, the plaintiff stated a cause of action for injunctive relief and it was error to sustain the general demurrers of the defendants County Commissioner Jones and Marks.

■ The trial court sustained the general demurrer of the defendant Julian Harrison, Inc. Though it was alleged that the County Commissioner Jones had entered into a contract with the defendant for the two trucks, plaintiff's exhibit to his petition shows merely that the county commissioner made a written offer relative to the two new trucks but it does not appear that the offer was accepted by Julian Harrison, Inc. The allegations show that Marks' bid was accepted.

The court did not err in sustaining the general demurrer of Julian Harrison, Inc.

*Judgment reversed in part; affirmed in part. All the Justices concur.*