## 31412. SCA SERVICES OF GEORGIA, INC. v. FULTON COUNTY et al.

GUNTER, Justice.

Appellant, SCA Services of Georgia, Inc., sought a judgment in the trial court that would require the Board of Commissioners of Fulton County to enter into a contract with it for garbage service in three of four districts in the unincorporated part of Fulton County; and appellant also sought an injunction that would prevent the Board of Commissioners from entering into a garbage service contract with another party, Georgia Waste Systems, Inc. The trial judge entered a judgment that denied the relief sought, and appellant has come here for review. We affirm the trial court's judgment.

Fulton County sought bids for the performance of garbage service in four districts of the county for a period of five years. The final paragraph of the advertisement stated: "The Fulton County Board of Commissioners reserves the right to reject any or all bids and to waive formalities; also, to evaluate the bids and to accept any bid

which in its opinion may be in the best interest of Fulton County." Seven companies submitted bids; appellant was the low bidder in three districts; Georgia Waste was the next low bidder in those three districts; and Georgia Waste was the low bidder in the fourth district.

County employees evaluated the bids; they concluded that both appellant and Georgia Waste were responsible and competent to provide the services to be contracted for; but they recommended that the contract for all four districts be awarded to Georgia Waste. The basis for the recommendation was that Georgia Waste was providing this service under a contract that was subsequently to expire, that the county's experience with Georgia Waste had been quite satisfactory, and that because of the relatively over-all small difference in the two bids, a change in contractors in three districts, from Georgia Waste to appellant, was not justified. The Board of Commissioners then awarded the contract in all four districts to Georgia Waste, and appellant went to court.

Although appellant has enumerated fifteen errors in this court, we think it's whole case depends upon which of two statutory provisions is applicable to the Board of Commissioners of Fulton County in awarding contracts for garbage disposal service.

The appellant contends that the County Purchasing Act of 1941, Ga. L. 1941, p. 408, is applicable, and that under it, the contract had to be awarded to the "lowest responsible bidder." Fulton County contends that the applicable statute is a Local Act enacted in 1955 relating to garbage disposal in the unincorporated areas of Fulton County. The 1955 Act provides that Fulton County is "authorized to contract with any private individual, firm or corporation, who in the judgment of the governing authorities of Fulton County is qualified to render the required service." Ga. L. 1955, pp. 2244, 2245. The trial judge held that the 1955 statutory provision was applicable, and that there was no legal requirement that the contract be awarded to the lowest responsible bidder.

We agree with the trial judge. The 1941 Act is applicable to the purchase of supplies, materials and equipment but is not applicable to contracts for the furnishing of garbage disposal service.

Further, even if the 1941 Act applied to garbage service contracts, it was superseded by the 1955 Local Act. The Georgia Constitution provides that the General Assembly may provide for boards of commissioners for counties and define their duties. Code Ann. § 2-5201. Under this constitutional provision, there is no requirement as to uniformity, and the General Assembly may grant to and define the powers of the Fulton County Board of Commissioners that are different from and contrary to a general statutory grant of powers to county governing authorities. The constitutional provision (Code Ann. § 2-401) prohibiting special laws in cases for which provision has been made by general law does not apply to statutes defining the powers of a county governing authority. See *Bradford v. Hammond,* 179 Ga. 40 (175 SE 18) (1934).

The 1955 statute was applicable in this case, it does not require the granting of a garbage service contract by Fulton County to the lowest responsible bidder, and the judgment rendered below was correct.

*Judgment affirmed. All the Justices concur, except Hall and Hill, JJ., who concur in the judgment only.*

ARGUED SEPTEMBER 20, 1976 — DECIDED JANUARY 6, 1977.

*Kidd & Tate, Charles M. Kidd,* for appellant.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr., Joel Y. Moss, Bynum & Kell, Joe H. Bynum, Jr.,* for appellees.